# BALTIMORE CITY COURT

Filed December 10, 1888.

STATE OF MARYLAND, USE OF CAROLINE L. STAYLOR AND JOHN J. DOBLER, ADMINISTRATORS,

VS.

JANE STAYLOR AND OTHERS.

*John P. Poe* and *J. J. Dobler* for plaintiffs.

*A. W. Machen* and *J. W. Leakin* for defendant.

STEWART, J.—

In this case the seventh plea of defendants set forth that all the material averments of the declaration were met by proper pleadings in a former suit between the same parties instituted in the Superior Court of Baltimore City, in which that Court decided in favor of the defendants. To this plea the plaintiffs have replied *nul tiel record,* and the defendants have rejoined that there is such record as alleged.

An exemplified copy of the record from the Superior Court has been produced which shows that the question in controversy in this case was decided by that Court, in that, the fourth plea of the defendants sets forth that William A. Staylor in his lifetime, by deed duly executed, acknowledged and recorded, conveyed all his interest in William Staylor's estate to Jane Staylor in her own right and that she settled her final account as administratrix in the Orphans' Court of Baltimore City, in which she allotted and transferred to herself, with the approval of the Orphans' Court, the entire interest of said William A. Staylor, in the personal estate of Wm. Staylor, deceased, all of which was long before the filing of this bill of complaint in the Circuit Court of Baltimore City, under which said proceedings were subsequently set aside. The plaintiff replied to this plea by setting forth in the third replication thereto the action of the Circuit Court, which by a decree passed on the 16th September, 1880, annulled the deed from Wm. A. Staylor to Jane Staylor, and ordered an account, by which said Jane Staylor, as administratrix, was directed to pay the balance due by her as ascertained by the auditor's account finally ratified in said case, to the plaintiffs. The defendants demurred to this replication, on which issue was joined. The Superior Court, on December 21, 1886, sustained this demurrer, which was virtually a judgment in favor of the defendants, although no formal judgment to that effect appears to have been entered. The plaintiff did not ask leave to amend the declaration, and no further entry appears upon the docket until January 17, 1887, when, by order of plaintiff's attorney, made in open Court, said case was dismissed.

The Court, whether it takes the exemplified copy of the record submitted by the defendants to which the plaintiff has excepted as being more full than it should have been, and as containing certain entries which it deems inaccurate, or whether it take the original docket entries and proceedings of the Superior Court as offered in evidence by the plaintiffs, finds that there is such record as is set forth in the defendant's fourth plea, and the judicial mind was directed to and passed upon the identical subject matter of the present suit adversely to the plaintiff.

While it is true that an appeal would not lie from the order of the Superior Court sustaining the demurrer without a formal judgment had been entered thereon, it is also true that the said judgment could not be so entered, because the case was dismissed by the plaintiff. The dismissal of the case, however, did not annul the order passed by the Court on December 21, 1886.

On the plea of *nul tiel record* filed in this case the Court finds for the defendants.